UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MILLER & CHEVALIER CHARTERED )<br>655 Fifteenth Street, NW, Suite 900 )<br>Washington, D.C. 20005, )<br>            )<br>    Plaintiff, )<br>            )<br>  v. )<br>            )<br>INTERNAL REVENUE SERVICE )<br>1111 Constitution Avenue, NW )<br>Washington, D.C. 20224, )<br>            )<br>    Defendant. )<br>            ) | Civil Action No. 1:07CV01472<br>(RMU) |

### ERRATA

On August 14, 2007, Plaintiff Miller & Chevalier Chartered, by and through its attorney, filed Plaintiff's Original Complaint, with Exhibits A through E.

Upon further review of the complaint and accompany exhibits, Plaintiff's attorney discovered that Exhibit D was inadvertently omitted from the filed complaint, and Exhibits E and F were incorrectly identified as Exhibits D and E in the filed complaint.

Attached are corrected Exhibits D, E, and F.

Respectfully submitted,

_____
Shane T. Hamilton
MILLER & CHEVALIER CHARTERED
655 Fifteenth Street, N.W., Suite 900
Washington, D.C. 20005-5701
Phone: (202) 626-5800
Facsimile: (202) 626-5801
E-mail: shamilton@milchev.com
D.C. Bar Number: 459320

Kevin L. Kenworthy
MILLER & CHEVALIER CHARTERED
655 Fifteenth Street, N.W., Suite 900
Washington, D.C. 20005-5701
Phone: (202) 626-5800
Facsimile: (202) 626-5801
E-mail: kkenworthy@milchev.com
D.C. Bar Number: 414887

Counsel for Plaintiff

Date: August 16, 2007

Of Counsel:

Kathryn Morrison Sneade
    Miller & Chevalier Chartered

## CERTIFICATE OF SERVICE

I hereby certify that copies of the foregoing ERRATA were deposited with Capitol Process Service, Inc. for delivery, this 16th day of August, 2007 upon each of the parties listed below:

    Honorable Kevin M. Brown
    Acting Commissioner, Internal Revenue Service
    1111 Constitution Avenue, NW
    Washington, D.C. 20224

    Honorable Alberto R. Gonzales
    Attorney General of the United States
    10th and Constitution Avenue, NW
    Washington, D.C. 20530

    Jeffrey A. Taylor, Esq.
    United States Attorney for the District of Columbia
    555 Fourth Street, NW
    Washington, D.C. 20530

                                              Shane T. Hamilton

# Exhibit D

| | |
|---|---|
| **Internal Revenue Service**<br>Appeals Field Operations-West<br>IRS - Fresno Appeals Office<br>5104 N. Blythe Ave., Suite 201<br>Fresno, CA  93722-6429 | **Department of the Treasury**<br><br>**Person to Contact:**<br>Ronald Collet<br>Employee ID Number: 78-00103<br>Tel:  559-452-3038<br>Fax: 559-452-3113 |
| Date: July 11, 2007 | Contact Hours: 8:00-3:30pm PDT<br>**Refer Reply to:**<br>AP:FW:FRE:RMC |
| SHANE HAMILTON<br>MILLER & CHEVALIER<br>655 FIFTEENTH STREET NW<br>WASHINGTON DC  20005 | **In Re:**<br>Freedom of Information Act<br>Transmittal for TD 6925<br>**Disclosure Case Number:**<br>20-2005-01690 |

Dear Mr. Hamilton:

This letter is our acknowledgement that on July 5, 2007 we received your Freedom of Information Act (FOIA) administrative appeal, dated June 29, 2007.  We are required to complete our consideration of your appeal within 20 business days after the date we receive your appeal.  If we are unable to complete your case in that time frame, you may seek judicial review by properly filing suit in the United States District Court in the district where you live or work, where your records are located or in the District of Columbia.  The rules for filing such suit are set forth in Federal Rule of Civil Procedure 4(i).

It may take several weeks to retrieve the pertinent documents from the Disclosure Office.  We will then complete our review and notify you in writing of our decision and of any judicial remedies that may be available to you.  We apologize for any delay in responding to your request.

If you decide to file suit with the Court while we are considering your case, please advise this office in writing of your action.  Once notified, we will terminate our consideration of your FOIA appeal and transfer jurisdiction to the Court.

In the interim, if you have any questions concerning the status of your appeal, please contact the Appeals Officer whose name and telephone number are listed above.

Sincerely,

Ronald Collet
Appeals Officer

# Exhibit E

JAN 30 2006

**MILLER & CHEVALIER**
CHARTERED

655 FIFTEENTH STREET, N.W. SUITE 900
WASHINGTON, D.C. 20005-5701
(202) 626-5800  FAX: (202) 628-0858

(202) 626-6094
January 27, 2006

HQ Disclosure Office
1111 Constitution Ave, NW
Room 1571
Washington, DC   20224

Dear Sirs:

Please provide me with copies of the following materials under the Freedom of Information Act, 5 U.S.C. § 552, as amended ("FOIA"), Internal Revenue Code §6110, and the applicable regulations thereunder (31 C.F.R. § 1, et seq., and 26 C.F.R. § 601.702, et seq.), relating to:

- All background, administrative and legal materials, including but not limited to internal IRS memoranda, hearing transcripts, analyses, and public comments filed regarding IRS Regulation 1.482-2(b) from 1965 through 1969:
    - Proposed in April, 1965. (30 Fed.Reg. 4256)
    - Withdrawn and Reproposed in August, 1966. (31 Fed.Reg. 10394)
    - Final, TD 6952, in April, 1968. (33 Fed.Reg. 5848)
    - Proposed changes in April, 1968. (33 Fed.Reg. 5858)
    - Final, TD 6998, in January, 1969. (34 Fed.Reg. 933)

In compliance with applicable regulations for "Commercial Use Requester," we promise to pay reasonable charges for search, copying and review costs. I understand that I can expect a response within 20 days of your receipt of this letter.

If you have any questions about this request, I may be reached at: (202) 626-6094. I look forward to your response within twenty days, or earlier if possible. Thank you.

Sincerely,

Carol Gruenburg
Director of Library Services

# Exhibit F

Case 1:07-cv-01472-RMU    Document 3-4    Filed 08/16/2007    Page 1 of 4

**MILLER & CHEVALIER**
CHARTERED

655 FIFTEENTH STREET, N.W. SUITE 900
WASHINGTON, D.C. 20005-5701
(202) 626-5800  FAX: (202) 628-0858

(202) 626-6094
February 24, 2006

HQ Disclosure Office
1111 Constitution Ave, NW
Room 1571
Washington, DC   20224

Dear Sirs:

Please provide me with copies of the following materials under the Freedom of Information Act, 5 U.S.C. § 552, as amended ("FOIA"), Internal Revenue Code §6110, and the applicable regulations thereunder (31 C.F.R. § 1, et seq., and 26 C.F.R. § 601.702, et seq.), relating to:

- **All background, administrative and legal materials, including but not limited to internal IRS memoranda, hearing transcripts, analyses, and public comments filed regarding IRS Notice of Proposed Rulemaking for REG-146893-02 and REG-115037-00 (68 Fed.Reg. 53448, 9/10/2003).**

In compliance with applicable regulations for "Commercial Use Requester," we promise to pay reasonable charges for search, copying and review costs. I understand that I can expect a response within 20 days of your receipt of this letter.

If you have any questions about this request, I may be reached at: (202) 626-6094. I look forward to your response within twenty days, or earlier if possible. Thank you.

Sincerely,

Carol Gruenburg
Director of Library Services

271960.1

# DEPARTMENT OF THE TREASURY

## Internal Revenue Service

**26 CFR Parts 1 and 31**

[REG-146893-02, REG-115037-00]

RIN 1545-BB31, 1545-AY38

**Treatment of Services Under Section 482; Allocation of Income and Deductions From Intangibles**

**AGENCY:** Internal Revenue Service (IRS), Treasury.

**ACTION:** Notice of proposed rulemaking and notice of public hearing.

**SUMMARY:** This document contains proposed regulations that provide guidance regarding the treatment of controlled services transactions under section 482 and the allocation of income from intangibles, in particular with respect to contributions by a controlled party to the value of an intangible that is owned by another controlled party. These proposed regulations potentially affect controlled taxpayers within the meaning of section 482. The proposed regulations provide updated guidance that is necessary to reflect economic and legal developments since the issuance of the current guidance. This document also provides a notice of public hearing on these proposed regulations.

**DATES:** Written or electronic comments must be received December 9, 2003. Outlines of topics to be discussed at the public hearing scheduled for January 14, 2004, at 10 a.m. must be received by December 23, 2003.

**ADDRESSES:** Send submissions to CC:PA:LPD:PR (REG-146893-02 and REG-115037-00), room 5203, Internal Revenue Service, POB 7604, Ben Franklin Station, Washington, DC 20044. Submissions may be hand delivered Monday through Friday between the hours of 8 a.m. and 4 p.m. to: CC:PA:LPD:PR (REG-146893-02 and REG-115037-02), Courier's desk, Internal Revenue Service, 1111 Constitution Avenue, NW., Washington, DC 20044. Alternatively, taxpayers may submit electronic comments directly to the IRS Internet site at *www.irs.gov/regs*. The public hearing will be held in the auditorium, Internal Revenue Building, 1111 Constitution Avenue, NW, Washington, DC.

**FOR FURTHER INFORMATION CONTACT:** Concerning the proposed regulations, J. Peter Luedtke or Helen Hong-George, (202) 435-5265; concerning submissions of comments, the hearing, and/or to be placed on the building access list to attend the hearing, Sonya M. Cruse, (202) 622-7180 (not toll-free numbers).

**SUPPLEMENTARY INFORMATION:**

## Background

Section 482 of the Internal Revenue Code generally provides that the Secretary may allocate gross income, deductions and credits between or among two or more taxpayers owned or controlled by the same interests in order to prevent evasion of taxes or to clearly reflect income of a controlled taxpayer. Comprehensive regulations under section 482 published in the **Federal Register** (33 FR 5849) on April 16, 1968, provided guidance with respect to a wide range of controlled transactions, including transfers of tangible and intangible property and the provision of services. Revised and updated transfer pricing regulations were published in the **Federal Register** (59 FR 34971, 60 FR 65553 and 61 FR 21955) on July 8, 1994, December 20, 1995, and May 13, 1996.

### A. Services Transactions

While comprehensive in other respects, the regulations issued in the mid-1990s did not modify substantively the 1968 regulations relating to controlled services transactions. The current services regulations at § 1.482-2(b) provide generally that where one member of a controlled group performs services for the benefit of another member without charge, or at a charge that is not equal to an arm's length charge, the Commissioner may make appropriate allocations to reflect an arm's length charge for such services. The determination of the arm's length charge depends on whether the services transaction is an "integral part" of the business of the renderer or recipient of the services. The current services regulations provide several overlapping quantitative and qualitative tests to determine whether a services transaction is integral.

Under the current services regulations, the arm's length charge for non-integral services is deemed to be equal to the "costs or deductions" incurred with respect to the services, unless the taxpayer establishes that another charge is more appropriate. General guidance is provided regarding the definition of cost and the appropriate allocation of costs to particular services.

The arm's length charge for integral services under the current services regulations is "the amount which was charged or would have been charged for the same or similar services in independent transactions with or between unrelated parties under similar circumstances considering all relevant facts." No guidance is provided regarding the methods that may be used to determine whether a charge is consistent with an arm's length charge.

### B. Income Attributable to Intangibles

The Treasury Department and the IRS issued final regulation § 1.482-4(f)(3) as part of the 1994 regulations. The preamble to those regulations states that the rules of § 1.482-4(f)(3) were necessary in order "to identify the controlled taxpayer that should recognize the income attributable to intangible property." Section 1.482-4(f)(3) identifies that party by providing rules to determine the owner, for section 482 purposes, of the rights to exploit an intangible to which income was attributable. Under those rules, the legal owner of an intangible, the taxpayer with a right to exploit the intangible, and even a taxpayer that contributes to the development or enhancement of the intangible could be deemed "owners" of that intangible, entitled to a portion of the income attributable to the intangible.

## Explanation of Provisions

### A. Overview

These proposed regulations provide updated guidance under section 482 that replaces existing guidance under § 1.482-2(b) relating to controlled services transactions and existing guidance under § 1.482-4(f)(3) relating to the allocation of income attributable to intangible property. These proposed regulations also make conforming and other changes to provisions of the current regulations under sections 482 and 6662 that are related to this guidance.

### 1. Services Transactions

These proposed regulations provide updated guidance under section 482 relating to controlled services transactions. The Treasury Department and the IRS believe that such guidance is necessary to reflect economic and legal developments since the issuance of the 1968 regulations. In the last 35 years, cross-border services have become an increasingly large and important segment of the U.S. and global economies. In particular, cross-border services transactions make up an increasingly significant segment of cross-border transactions among members of controlled groups.

Legal developments in the transfer pricing area since 1968 include the amendment of section 482 in 1986 to provide for the commensurate with income standard in the context of transfers of intangible property and the issuance in the mid-1990s of updated

FEDERAL REGISTER

Vol. 69, No. 123

Unified Agenda

DEPARTMENT OF THE TREASURY

31 CFR Subtitle A, Chs. I and II

Semiannual Agenda

Part XVI

69 FR 37965

**DATE:** Monday, June 28, 2004

------------------------------------------------------

**2797. TREATMENT OF SERVICES UNDER SECTION 482**

**Priority:** Substantive, Nonsignificant

**Legal Authority:** 26 USC 7805; 26 USC 482

**CFR Citation:** 26 CFR 1

**Legal Deadline:** None

**Abstract:** Those final regulations amend the rules for allocation of income and deductions with respect to serices between members of a group of controlled entities, pursuant to section 482.

**Timetable:**

| Action | Date | FR Cite |
|---|---|---|
| NPRM | 09/10/03 | 68 FR 53448 |
| Final Action | 12/00/04 | |

**Regulatory Flexibility Analysis Required:** No

**Small Entities Affected:** No

**Government Levels Affected:** None

**Additional Information:** REG-146893-02

Drafting attorneys: Thomas A. Vidano (202) 435-5265 and Helen Hong-George (202) 435-5220

Reviewing attorneys: John M. Breen (202) 435-5265

Treasury attorney: Rocco Femia (202) 622-1755

CC:INTL

**Agency Contact:** Thomas A. Vidano, Attorney-Advisor, Department of the Treasury, Internal Revenue Service, 1111 Constitution Avenue NW, Washington, DC 20224
Phone: 202 435-5265

**Rin:** 1545-BB31