IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MILLER & CHEVALIER CHARTERED, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>INTERNAL REVENUE SERVICE )<br>1111 Constitution Avenue, N.W. )<br>Washington, DC 20224, )<br>)<br>Defendant. ) | NO. 1:07-cv-01472 RMU |

## ANSWER

DEFENDANT, the Internal Revenue Service, by and through its attorneys, answers and responds to the plaintiff's complaint as follows:

FIRST DEFENSE

The Internal Revenue Service may withhold any responsive records or portions thereof that are exempt from disclosure pursuant to the exemptions contained in subsection (b) of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

SECOND DEFENSE

Plaintiff is not entitled to any relief beyond that provided under the FOIA.

THIRD DEFENSE

Plaintiff has failed to state a claim against the Internal Revenue Service under the FOIA, 5 U.S.C. § 552, upon which relief can be granted.

FOURTH DEFENSE

FOR ITS FURTHER DEFENSE, the Internal Revenue Service responds to the numbered paragraphs of plaintiff's complaint as

follows:

1. The Internal Revenue Service admits that plaintiff brought its complaint under the FOIA, 5 U.S.C. § 552.

2. The Internal Revenue Service admits the allegations contained in ¶ 2.

3. The Internal Revenue Service admits the allegation contained in ¶ 3.

4. The Internal Revenue Service admits the allegations contained in ¶ 4.

5. The Internal Revenue Service is without sufficient information or knowledge to admit or deny the allegation contained in ¶ 5, except that the Internal Revenue Service admits it has in its possession and control two documents, which it released to the plaintiff on October 16, 2007.

6. The Internal Revenue Service denies the allegation contained in ¶ 6.

7. The Internal Revenue Service admits that to the extent jurisdiction exists, it exists under 5 U.S.C. § 552(a)(4)(B); it denies the remaining allegations contained in ¶ 7.

8. The Internal Revenue Service admits the allegation contained in ¶ 8.

9. The Internal Revenue Service admits the allegation contained in ¶ 9.

10. The Internal Revenue Service admits the allegations contained in ¶ 10.

11. The Internal Revenue Service admits the allegation

contained in ¶ 11.

12. The Internal Revenue Service admits the allegations contained in ¶ 12.

13. The Internal Revenue Service admits the allegations contained in ¶ 13.

14. The Internal Revenue Service denies that, as of the date the complaint was filed, the Internal Revenue Service had not provided responses to plaintiff's administrative appeal; the Internal Revenue Service admits, however, that as of the date the complaint was filed, it had not provided a determination of the administrative appeal. The Internal Revenue Service denies that it has not disclosed any of the requested materials as it released 29 pages in their entirety on October 16, 2007. The Internal Revenue Service denies the allegation that "Defendant's letter of July 11, 2007, indicated that Defendant would not extend the 20-day time limit;" it admits the last two sentences contained in ¶ 14.

15. The Internal Revenue Service admits the allegations contained in ¶ 15.

16. The Internal Revenue Service denies the allegations contained in ¶ 16.

17. The Internal Revenue Service admits the allegations contained in ¶ 17.

18. The Internal Revenue Service admits the allegations contained in ¶ 18, except it denies that the Internal Revenue Service has not provided responses to the request.

19. The Internal Revenue Service admits the allegations contained in ¶ 19.

20. The Internal Revenue Service denies the allegations contained in ¶ 20.

21. The Internal Revenue Service admits the allegations contained in ¶ 21.

22. The Internal Revenue Service admits the allegations contained in ¶ 18, except it denies that the Internal Revenue Service has not provided responses to the request.

23. The Internal Revenue Service admits the allegations contained in ¶ 23.

24. The Internal Revenue Service denies the allegations contained in ¶ 24.

WHEREFORE, having fully responded to plaintiff's complaint, the Internal Revenue Service prays that this Court dismiss the complaint with prejudice, grant the Internal Revenue Service its

/
/
/
/
/
/

costs of defense, and grant such other relief as may be deemed just and proper under the circumstances.

Date: October 17, 2007

/s/ Carmen M. Banerjee
CARMEN M. BANERJEE,
D.C. Bar No. 497678
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227
Washington, D.C. 20044
Telephone: (202) 307-6423

Counsel for defendant
INTERNAL REVENUE SERVICE

Of Counsel:
JEFFREY A. TAYLOR
United States Attorney

## CERTIFICATE OF SERVICE

IT IS CERTIFIED that the foregoing ANSWER, was caused to be served upon plaintiff's counsel on the 17th day of October, 2007, by depositing a copy thereof in the United States' mail, postage prepaid, addressed as follows:

>    Shane T. Hamilton, Esq.
>    Miller & Chevalier Chartered
> 655 Fifteenth Street, N.W., suite 900
>    Washington, D.C. 20005-5701.


>    /s/ Carmen M. Banerjee
>    CARMEN M. BANERJEE